```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
D'ASIA SHAVIS,

                          Plaintiff,            REPORT AND RECOMMENDATION
         - against -                            19 CV 484 (CBA) (LB)

PAY-O-MATIC CHECK CASHING CORP.
And THE PAY-O-MATIC CORP.,

                          Defendants.
----------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Plaintiff D'Asia Shavis ("plaintiff") brings this action against defendants Pay-O-Matic Check Cashing Corp. and The Pay-O-Matic Corp. ("defendants") alleging that defendants violated her rights under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by requiring plaintiff to work more than forty hours per week without paying her adequate overtime compensation. Plaintiff also asserts claims under the Family Medical Leave Act ("FMLA"), New York State Human Rights Law, and New York City Human Rights Law as a result of defendants alleged discrimination against her based on her pregnancy and pregnancy-related leave. ECF No. 1 at ¶¶ 1–2, Complaint ("Compl."). Plaintiff's counsel filed the parties' motion for settlement approval on June 28, 2019. ECF No. 27, Motion for Settlement Approval ("Mot. Settl."). The Honorable Carol Bagley Amon referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that the parties' motion for settlement approval should be granted.

## BACKGROUND

Plaintiff was employed by defendants as an Assistant Manager and Teller from December 24, 2013 through April 20, 2018. See Compl. at ¶ 1. Plaintiff states that defendants required her to work more than forty hours per week without paying adequate overtime compensation. Compl. at ¶ 2. Specifically, plaintiff was required to work off the clock before her shift for a minimum of fifteen minutes per day, three days per week. Compl. at ¶ 26. Plaintiff alleges at least one day per week she was also required to perform ten minutes' worth of tasks after her shift ended. Id. at ¶ 27.

Plaintiff further states that defendants discriminated against her based on her pregnancy and pregnancy-related leave. Id. at ¶¶ 53–60. Plaintiff took pregnancy-related leave with defendant's approval. Id. at ¶ 58. Plaintiff alleges that she made good faith efforts to return to work in a timely fashion following her approved leave, but defendants refused to return her to work. Id. at ¶ 60. According to plaintiff, defendants took a materially adverse employment action against her by terminating her employment and by alleging that plaintiff had abandoned her job. Id. at ¶ 64.

## PROCEDURAL HISTORY

This action was commenced on January 24, 2019, ECF No. 1, and defendants answered plaintiff's complaint on March 5, 2019. ECF No. 13. The Court held an initial conference on March 14, 2019 and referred this matter to Court annexed mediation. On May 30, 2019, the parties advised the Court that the case was settled in mediation. Plaintiff filed the instant motion for settlement approval on behalf of the parties on June 28, 2019. ECF No. 27.

# DISCUSSION

## I.   Standard for Approving FLSA Settlements

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted).

## II.   Instant Settlement Agreement

The instant motion for settlement approval includes the parties' proposed settlement agreement. See ECF No. 27-1, "Agreement." The settlement agreement contains two separate agreements: the Confidential Agreement and General Release, resolving the NYLL claims, ("Confidential Agreement"), and the Negotiated Settlement Agreement, resolving the FLSA claim, ("FLSA Agreement").[1] Id. at 5, 24.[2] The Confidential Agreement contains a confidentiality

---

[1] Courts routinely approve bifurcated settlements in which the parties' FLSA claim undergoes court review for approval while their non-FLSA claims are resolved in a separate agreement. Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) (quoting Abrar v. 7–Eleven, Inc., No. 14 CV 6315, 2016 WL 1465360, *1 (E.D.N.Y. Apr. 14, 2016) ("[T]he parties propose a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against 7–Eleven for the Court's approval as fair and reasonable under Cheeks; and (ii) execute a separate settlement agreement of . . . [p]laintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under Cheeks.")); Yunda v. SAFI-G, Inc., No. 15 CIV. 8861, 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) ("because the settlement of the FLSA claim is subject to the same review that is applicable in cases where there is a single settlement agreement, I conclude that the [bifurcated settlement agreement] proposed by the parties does not run afoul of Cheeks.").

[2] ECF No. 27-1 has multiple subparts, each with separate pagination. The Court cites the ECF page numbers for this document.

3

provision, general release, and non-disparagement clause, among other clauses. Id. at 8, 12, 15.[3]

The FLSA Agreement provides that plaintiff will "dismiss and withdraw, with prejudice, any and all known or unknown FLSA Claims" against the defendants in exchange for $1,000. Id. at 25–27. The FLSA Agreement provides that plaintiff shall be paid $750 and plaintiff's counsel shall be paid $250 in attorneys' fees and costs. Id. at 27–28. The proposed agreement provides that in the event of controversy or claims related to the FLSA Agreement, issues shall be resolved before the U.S. District Court for the Eastern District of New York or the New York Supreme Court in New York County. Id. at 29.

**A.     Reasonableness**

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2–3 (E.D.N.Y. Jan. 25, 2018) (employing the factors discussed in Wolinsky). Furthermore, in light of Cheeks, courts in this Circuit have repeatedly rejected highly restrictive confidentiality

---

[3] The Confidential Agreement, which settles the NYLL claims, does not require judicial approval, and is therefore not reviewed in this Report and Recommendation. See Yunda, 2017 WL 1608898, at *2 ("The fact that there may be provisions in the NYLL settlement agreement that could not be included in the FLSA settlement is immaterial because the NYLL settlement agreement does not require judicial approval.") (citations omitted).

provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327, 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015).

Plaintiff's counsel states that if plaintiff fully recovered on the FLSA claim, plaintiff would be entitled to approximately $1,100 in unpaid overtime wages. Mot. Settl. at 3. Under the FLSA Agreement, plaintiff's net award of $750 is approximately sixty-eight percent of the amount plaintiff alleges she is owed in unpaid overtime wages. Plaintiff's recovery under the proposed settlement is reasonable. See Ceesae v. TT's Car Wash Corp., No. 17 CV 291, 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018), adopted by, 2018 WL 741396, (net settlement of 50% of FLSA plaintiff's maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., No. 16 Civ. 344, 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., No. 16 Civ. 3502, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable).

Plaintiff's portion of the settlement represents a reasonable compromise due to a number of factors. First, the settlement provides plaintiff with certainty about what she will recover from defendants and avoids the risk, time, and expense of litigation. Mot. Settl. at 3. Defendants contest that plaintiff worked any uncompensated overtime hours. Id. The parties dispute the amount and frequency that plaintiff worked "off the clock." Id. The parties agree that the proposed settlement is a "cost-effective" compromise to this dispute, which will enable them to "avoid continued litigation costs and the uncertain nature of extended litigation." Mot. Settl. at 3–4. Moreover, if the case were to go to a jury trial, plaintiff risks receiving nothing if the jury finds in favor of the defendant. Id. Therefore, plaintiff's settlement at this juncture, for this amount, is reasonable. See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)

5

(approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

As for the last two Wolinsky factors, the parties represent that the proposed settlement is the product of arm's-length negotiations between experienced counsel and that it was not reached by fraud or collusion. Mot. Settl. at 4. Further, the negotiations were facilitated by an experienced mediator during a Court annexed mediation. Id.; see Vidal v. Eager Corp., No. 16 CV 979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (terms of a settlement "hammered out during mediation . . . suggests [that the terms are] the product of arm's length bargaining and that there is a reduced risk of collusion between [the parties.]").

Taking into account the genuine disputes regarding liability and damages in this case, I find that plaintiff's recovery is fair and reasonable.

### B.     Release Clause

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ New York Inc., No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (internal citation omitted); see Souza, 2015 WL 7271747, at *6 (discussing that courts typically reject overbroad releases because FLSA releases should be limited to wage-and-hour claims). Broad general releases are generally impermissible. See Cheeks, 796 F.3d at 206. A release is overbroad if it "confers an

6

uncompensated, unevaluated, and unfair benefit on the employer[.]" Lopez, 96 F. Supp. 3d at 181 (internal citation omitted).

Under the instant agreement, plaintiff agrees to release defendants from liability for any claims she may have under the FLSA up until the date of the agreement. Agreement at 26. Specifically, plaintiff agrees to release defendants from liability under the FLSA and any claim for FLSA-related costs or other expenses contained in the complaint in the instant lawsuit. Id. The release contained in the FLSA Agreement is tailored to the instant litigation and should be approved as fair and reasonable. See Yunda, 2017 WL 1608898, at *3 (S.D.N.Y. April 28, 2017) (collecting cases in which the court granted settlement approval containing releases that are tailored to the claims brought in the original complaint).

C. **Attorneys' Fees**

The Court evaluates the reasonableness of the attorneys' fees under 29 U.S.C. § 216(b) and NYLL § 663(1) to ensure that the simultaneous negotiation of fees and the settlement amount does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336. Although there is a "greater range of reasonableness" where "the parties [have] settled on the fee through negotiation," Misiewicz v. Gen. Contractors Corp., No. 08 CV 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), report and recommendation adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010), the Court "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Wolinksy, 900 F. Supp. 2d at 336. To assess the reasonableness of the proposed attorneys' fees, a court will review contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Run

7

Guo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13 Civ. 6667, 2015 WL 5122530, *2 (S.D.N.Y. Aug. 31, 2015). A court may adjust the fee upward or downward from the lodestar amount based on other considerations. Wolinksy, 900 F. Supp. 2d at 336 (citations omitted).

Plaintiff's counsel seeks the Court's approval to allocate $250 (twenty-five percent) of the total settlement award to attorneys' fees. Mot. Settl. at 5. "Plaintiff's counsel has reduced [its] retainer contingency percentage and waived recovery of all expense disbursements in order to maximize" the settlement recovery for the plaintiff. Mot. Settl. at 5.[4] Plaintiff's counsel's billing records and motion for settlement approval reflect work for a total of eight hours and forty-five minutes on plaintiff's FLSA claims, billed at a rate of $500[5] per hour for attorney work and $100 per hour for law clerk work.[6] See ECF No. 27-2 at 2–3, Billing Records; Mot. Settl. at 5. Plaintiff's counsel notes that they are "requesting less than they have billed on this matter," which they calculated to be $2442.50. Mot. Settl. at 6. While courts in this Circuit "typically approve attorneys' fees that range between 30 and 33 1/3%," (see Rodriguez-Hernandez v. K Bread & Co., Inc., No. 15 Civ. 6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) (collecting cases)), I find twenty-five percent of the settlement award to be a fair and reasonable attorneys' fee in this action. Therefore, I respectfully recommend that plaintiff's request for attorneys' fees and costs should be approved.

---

[4] According to the motion for settlement approval, the written retainer agreement between plaintiff and plaintiff's counsel stated that plaintiff's counsel "would represent the plaintiff on a contingency fee basis . . . and either retain 33 ½ % of plaintiff's total recovery or the full amount of the court awarded attorneys' fees, plus the costs and disbursements incurred" by plaintiff's counsel. Mot. Settl. at 5. However, plaintiff's counsel has agreed to reduce the retainer contingency percentage and has waived recovery of costs for the benefit the plaintiff. Id.

[5] Although plaintiff's counsel is not requesting his hourly billing rate of $500 per hour, Courts have "occasionally awarded hourly rates of $550 and $600 to experienced senior litigators [however even] senior FLSA litigators are rarely awarded over $450 per hour." Manley v. Midan Rest. Inc., No. 14 Civ. 1693, 2017 WL 1155916, at *11 (S.D.N.Y. Mar. 27, 2017); see also Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 176 (2d Cir. 2009) (holding that plaintiff litigating her case in the Eastern District of New York had not overcome the presumption in favor of the forum rule to warrant the higher prevailing hourly rates awarded in the Southern District of New York).

[6] Plaintiff's counsel states that for eight of the ten days on which they billed for plaintiff's matter, twenty-five percent of their work was related to the FLSA claims. Plaintiff's counsel's work on the final two days was one hundred percent related to the FLSA claim. See Mot. Settl. at 5.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court should approve the parties' instant motion for settlement approval.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                                 /S/
                                                          LOIS BLOOM
                                                          United States Magistrate Judge

Dated: August 22, 2019
       Brooklyn, New York